STATE *vs.* WILLIAM H. COLLINS and ELMER LINDALE.

1. LARCENY—DEFINITION.

Larceny or stealing is the felonious taking and carrying away by one person of the personal property of another, with the intention on the part of the taker of appropriating the property to his own use without the owner's consent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny.]

2. LARCENY—REMOVAL OF STOCK FROM OWNER'S PREMISES AFTER CLAIMED TRADE.

If a trade of a mule by defendant for the prosecuting witness' mare and colt had been fully agreed upon, and nothing remained to be done but the delivery of the mule by defendant, the mare and colt were his property, and he had a right to take them from the prosecuting witness' premises in exchange for the mule, and in doing so by agent was not guilty of larceny.

(*October* 22, 1919.)

PENNEWILL, C. J., and HEISEL, J., sitting.

*James M. Satterfield*, Deputy Attorney-General, and *P.*

*Warren Green*, Deputy Attorney-General, for the State.

*John B. Hutton* and *W. Watson Harrington* for the defendants.

Court of General Sessions for Kent County, October Term, 1919.

INDICTMENT No. 19, February Term, 1919.

William H. Collins and Elmer Lindale were indicted for larceny. Verdict of not guilty.

At the beginning of the trial, the state entered a nolle prosequi as to Elmer Lindale. The facts sufficiently appear in the charge of the court.

For the defendant the court was requested to charge:

That unless the jury believe from the evidence that the defendant feloniously—that is to say, with a wrongful intent—took the property of the prosecuting witness, intending to appropriate it to his own use and knowing that such taking was without his consent, the verdict should be for the defendant.

That if the property alleged to have been stolen was taken from the premises of the prosecuting witness, with his consent, the verdict should be "not guilty."

That if the defendant took the property from the premises of the prosecuting witness, in the belief that it was his property, the verdict should be "not guilty."

That if the defendant believed that a trade for the mare and colt had been made between him and the prosecuting witness, and believed he had a right to take the property, the verdict should be "not guilty."

PENNEWILL, C. J., charged the jury in part:

The defendant is charged in this case with the larceny of a mare and colt alleged to be the property of Joseph Poore, the prosecuting witness.

[1] Larceny, or stealing, is the felonious taking and carrying away by one person of the personal property of another, with the intention on the part of the taker of appropriating said property to his own use without the owner's consent.

The state claims that the defendant and Poore on a certain Sunday had a conversation about the trade of a mare and colt belonging to Poore for a mule owned by the defendant, in which conversation the defendant offered to trade a mule for the mare and colt; that Poore agreed to make the trade if the mule was sound and not over five years old, but that he was to see the mule on the following Monday before agreeing to the trade; that on Monday, the mule, which was neither sound nor young, was left at Poore's home and the mare and colt taken away in Poore's absence. The state, therefore, claims that when the mare and colt were taken by the defendant, through his agent, Lindale, the trade had not been completed and they were still the property of Poore and taken without his consent.

The defendant contends that there was a definite agreement between him and Poore respecting the exchange of the property before the mare and colt were taken, the trade having been fully agreed upon, and that, therefore, the mare and colt were his property, and that he had a right to take them away when he delivered the mule.

[2] So you see, gentlemen, the principal question you are to decide is not what the defendant directed his agent to do when he took the mule to the home of Poore, but whether the mare and colt were at that time the property of the defendant or of Poore. If the trade had been fully agreed upon by both parties, and nothing remained: to be done but the delivery of the mule by the defendant, then the mare and colt where his property, and he had a right to take them. But, if the trade had not been fully agreed to by Poore, the defendant did not own the mare and colt, and had no right to take them away.

Therefore, if you believe beyond a reasonable doubt that at the time the defendant, by his agent, took the mare and colt they were the property of Poore, and were known by the defendant to be such, and they were taken feloniously and without Poore's consent, your verdict should be guilty.

But, if, on the other hand, you believe that the mare and colt, at the time they were taken, were, by virtue of a trade, the defendant's property, or he honestly believed them to be such,

or if you believe they were taken with Poore's consent, and not feloniously and with criminal intent, your verdict should be not guilty.   *   *   *

Verdict, not guilty.